**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

ALICIA C.-M.,

Petitioner,

v.

PAMELA BONDI, *Attorney General*; KRISTI NOEM, *U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*; MARY DE ANDA-YBARRA, *Director, El Paso Field Office, Immigration and Customs Enforcement and Removal Operations*, and Warden of ERO El Paso Camp East Montana, *physical custodian of* ERO El Paso Camp East Montana,,

Respondents.

Case No. 26-CV-1336 (KMM/JFD)

**ORDER**

This matter is before the Court on Petitioner Alicia C-M.'s ("Alicia") Petition for a Writ of Habeas Corpus. [Dkt. 1.] For the reasons below, the Court grants the habeas petition.

## Background

Alicia is a citizen of Mexico. [*Id.* ¶ 1.] She has lived in the United States since 2003, has no criminal history, and has three U.S. citizen children. [*Id.* ¶¶ 1, 6–7.] She is eligible for work authorization and to apply for lawful permanent resident status, and she holds a full-time job. [*Id.* ¶¶ 3, 43–44.] On January 29, 2026, immigration authorities arrested

Alicia in Rochester, Minnesota.[1] [*Id.* ¶ 7.] Respondents' position is that Alicia is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). [*See* Dkt. 4 (acknowledging in response to Order to Show Cause that this case "raises legal and factual issues similar to those in prior habeas petitions this Court has decided" recently).]

**Analysis**

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the unlawful detention of aliens who are already in the United States. In its response to the petition, the Respondents implicitly point to § 1225(b)(2) to justify its detention of Alicia. [Dkt. 4.] This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these

[1] The Court notes that although Alicia's petition alleges that she was in custody in Texas [Dkt. 1 ¶ 12], Respondents have not raised any issue about the Court's authority to issue the writ, nor suggested that this requires transfer of the case to another court. Accordingly, the Court concludes that Respondents have waived that issue.

issues have reached the same conclusion. Additionally, although the Fifth Circuit just agreed with Respondents' reading of § 1225(b)(2), the Seventh Circuit has reached a different conclusion. *Compare Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4-10 (5th Cir. Feb. 6, 2026), *with Castanon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025). The Respondents' position is that the cases representing the majority view were wrongly decided and that the issue is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). However, Respondents acknowledge that this Court has rejected their position in prior cases, and they wish to preserve their arguments for any appeal. [Dkt. 4.]

Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. Respondents also point out that the underlying legal issue is pending before the Eighth Circuit and that they wish to preserve their position for appeal. Although the Court has considered the arguments raised by the government, and reviewed the authority cited in this and in other cases, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and Respondents' arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Ibrahime D. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court further concludes that immediate release is the appropriate remedy. The government has not claimed to have a "warrant issued by the Attorney General" supporting

Petitioner's recent arrest, nor has the government produced one to the Court. As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same). Respondents point to neither a warrant supporting the applicability of § 1226(a) to Alicia, nor any other statutory basis for a bond hearing, so immediate release is required.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Alicia C-M.'s Petition for a Writ of Habeas Corpus [Dkt. 1] is **GRANTED**.
2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that she is subject to such mandatory detention.
3. The Court **ORDERS** Respondents to immediately release Alicia C-M. **without conditions and no later than 5:00 p.m. on February 15, 2026**.
4. Respondents must return **all of Alicia C-M.'s personal effects seized during her arrest upon her release, including but not limited to immigration paperwork**. Her property must be returned in the same condition as it was in at the time she was arrested.

5. Finally, the Court **ORDERS** Respondents to file a notice within 24 hours of Petitioner's release, specifying the date, time, and location of her release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 14, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge